(3 Misc. Rep. 126.)
## ACKERMAN v. BETHUNE.

(Supreme Court, Special Term, New York County.　March 28, 1893.)

COMMITTEE OF IDIOT—ACCOUNTING TO JUDGMENT CREDITOR.

An order of court, made after the rendition of judgment against an idiot, directing his committee to pay it, will prevent the judgment creditor from thereafter maintaining an action against the committee for an accounting as to the estate under her control, since such accounting may be had in proceedings to enforce the order.

Action by Irene Ackerman, as executrix, etc., of Daniel P. Holland, deceased, against Elise Bethune, as committee, etc., of Thomas Wiggins, commonly called "Blind Tom," an idiot, to compel defendant to account as to the idiot's estate in her possession, and pay a judgment rendered in, plaintiff's favor against the idiot.　Complaint dismissed.

John McCrone, for plaintiff.
Thomas F. Byrne and Burton N. Harrison, for defendant.

PATTERSON, J.　I have gone over the pleadings and proofs in this case several times, and am not able to see why this action was instituted, or how the relief demanded can be granted.　The material allegations of the complaint are that one Daniel P. Holland died in November, 1889, leaving a last will and testament, by which he appointed this plaintiff his executrix, and the will was proven, and letters were granted her; that in November, 1886, proceedings were instituted in the supreme court, and an inquisition was ordered, and it was determined that one Thomas Wiggins was an idiot, and thereafter the defendant, Elise Bethune, was appointed a committee of the person and property of the idiot, upon executing a bond in the sum of $25,000, which bond was given, and she entered upon the discharge of her duties; that in February, 1888, a proceeding was instituted in this court by Daniel P. Holland to compel the payment to him of a certain amount which was claimed to be due him for legal services rendered by him to the idiot and his estate, and that the defendant, the present committee, was the respondent in that proceeding; that Holland died during the pendency of the proceeding, and that subsequently this plaintiff was substituted as petitioner in the place of Holland; that the proceedings were continued, and it was directed and adjudged by an order made at the special term of this court on January 9, 1891, that the defendant, as committee, pay to the plaintiff, as executrix, etc., or to her attorney, out of the estate of the idiot, the sum of $3,304.75; that on January 9, 1891, by the direction of the court, judgment was entered and docketed in the office of the clerk of the county of New York in favor of the plaintiff, as executrix, against the estate of the idiot in the hands of the defendant for $3,304.75, and that the defendant has not paid the amount so ordered to be paid, nor any part thereof; that execution was duly issued on the judgment to the sheriff of the city and county of New York, and returned un-

satisfied; that property of the idiot in value to a large amount exists, which the defendant retains and withholds, or with which she is chargeable, and the manner in which she is supposed to be chargeable is set out by saying that the idiot is a person possessed of wonderful musical talent and ability to earn money as a musician, and that his services in giving musical exhibitions are of great value, and have commanded large sums of money, and that at the time the defendant entered upon her duties as a committee she took personal control of the idiot, and commenced to use him in giving public musical concerts in different places throughout the country, and that she has since uninterruptedly continued to so use and to apply his abilities to such uses by her, traveling from place to place, retaining the possession of said idiot, and deriving large sums of money as the proceeds and profits of his said abilities and services; that after such use of said idiot for some months, and in May, 1888, (which was before the beginning of this suit,) she filed an account, in which she said that she had net proceeds of concerts in her hands amounting to $1,076.69; that the use of the abilities and services of the idiot in giving musical concerts was reasonably worth the value of $10,000 a year as a net sum, and that the defendant, by reason of the use by her of the abilities of the idiot, is chargeable in such an amount for the time of said use; and the claim is made in this action that there should be an accounting of the committee with the plaintiff as to the value of the services of the idiot while he was so employed, and that the value of those services should be ascertained, charged against the committee, and then be made available to the plaintiff as an amount to which recourse might be had for the realization of the judgment which the decedent, Holland, had against the idiot. And the prayer of the complaint is that the defendant state and render an account of her proceedings as committee, setting forth the particulars as to her use of the idiot in giving musical exhibitions, and the times and places as to each such exhibition by her, with the sums received and paid out on account of each such exhibition; that she be chargeable with the sums which are the reasonable value of the services and abilities of said idiot in giving musical exhibitions during the time she has used his said abilities as aforesaid; that she be held accountable and chargeable with the amount of the judgment demanded in favor of the idiot's estate, and that it be determined whether she had faithfully discharged her duties as committee by the use by her of the abilities and services of said idiot as aforesaid; and that she be directed to pay to plaintiff, from the property of the idiot's estate in her hands, the amount of the judgment in favor of the plaintiff, as aforesaid; and that on her failure or neglect to personally attend in this action it be then found or determined why such an accounting cannot be had.

There is nothing in the proofs to justify the maintenance of this action. Although it seems to have been brought by permission of the court, it is so well established as not to require the citation of authorities that the committee of an incompetent person is mere-

ly the agent of the court; and while, under some circumstances, the rights of creditors would be fully protected, there is nothing in this case whatever, disclosed in the proofs, that would justify a decree in favor of the plaintiff. By the exhibits which have been put in evidence by the plaintiff it appears that there were two orders made, one of which distinctly directs the committee to pay out of the lunatic's estate the amount of the judgment recovered in favor of the plaintiff's testator. That order is one enforceable under the provisions of the Code of Civil Procedure, and by it everything which is involved in this action was virtually disposed of. The committee was directed to pay a certain sum of money, and the order operates as distinctively and clearly as an adjudication to compel the payment of the money as anything that might be decreed on a determination of this action. It is plainly stated that the committee must pay a certain sum out of the estate of the idiot, and all that is required or could be required to make that order effectual would be process issued on it; and, if an accounting were necessary, it could be had in that proceeding. There cannot, it seems to me, be any basis for an accounting here. There is an outstanding order of the court requiring a certain thing to be done. On an application to enforce the order, the only matter open for consideration would be whether or not the committee had funds sufficient to pay, in accordance with that order, the amount directed to be paid thereby. Under such circumstances, a suit for an accounting cannot be of any utility. The order directs the payment of a specific sum, and the committee could discharge herself from the payment of the sum only by showing that there was nothing in her hands applicable to the payment of the amount so directed to be paid by the court. Hence, a suit for an accounting is not only unnecessary, but everything that the plaintiff could require has been determined already by the court, except the mere ascertainment of what could be or should be applicable by the committee to the payment of the amount directed to be paid by that order.

If the case were presented as an original one, without reference to any prior proceedings, I should not be inclined to order the plaintiff to account. It sufficiently appears that the idiot was without property or estate, and that the defendant committee has merely utilized his services in concerts given by her at her own expense, and at her own risk, and his services and his peculiar musical talents have been used. It does not appear that it was altogether for her own emolument, but it may have been for the purpose of creating a fund to sustain him and those dependent upon him, and to afford them a support, which certainly the committee was not bound to give from her own resources simply because she maintained the relation of committee to him. In all cases affecting committees of incompetent persons, the court being really the custodian of the property of such persons, and the committee being merely the hand of the court, a primary consideration is the comfortable and reasonable support of the incompetent person; and there is nothing in this case whatever to show that any moneys realized by Mrs. Bethune

as the committee are more than sufficient to create a fund, the interest of which would support the idiot and his mother during their lives; and under well-known principles it would be improper to direct, in a suit framed as this is, and with merely such allegations as are now made, the application of any of those moneys to the payment of any debts whatever of the incompetent person. The particular object of this suit seems to be to have it ascertained by the court as on a quantum meruit the value of the services of this idiot in concerts given by Mrs. Bethune, the committee, and then to have the amount so ascertained applied to the payment of the debt of the idiot to the plaintiff. I can see no more reason for doing that than if the committee had employed the idiot to work on her farm, or to render services in her household, or to charge her with the value of services that in her good judgment she might have deemed useful to him, or valuable in creating a fund by which he might be supported during his life, and for the benefit of those who are connected with or dependent upon him; but, as stated before, the orders of the court requiring the payment of a certain sum of money may be enforced, and an accounting may be compelled under those orders, and this action, in any aspect in which it may be considered, is utterly unnecessary, and will not promote in any way the plaintiff's effort to secure the money which has been directed to be paid; and, under such circumstances, the complaint must be dismissed, with costs.