(15 Misc. Rep. 598.)

## In re FLINT'S ESTATE.

(Surrogate's Court, Otsego County. February, 1896.)

ADMINISTRATOR—ACCOUNTING—WHO MAY PETITION.

The holder of a claim for funeral expenses, not being entitled to sue the executor or administrator, as such, therefor, is not within Code Civ. Proc. § 2727, providing that a petition for accounting by an administrator may be presented by a "creditor" or a "person interested" in the estate or fund; section 2514, subd. 3, defining "debts" as including every claim and demand on which a money judgment could be recovered in an action, and "creditor" as every person having such a claim or demand; and subdivision 11 of said section, defining the expression "person interested," when used in connection with an estate, as any person entitled to share therein, "as husband, wife, * * * or otherwise, except as a creditor."

Petition by William Drane to compel an accounting by Elisha Flint, as administrator of Frederick G. Flint, deceased. Petition dismissed.

S. W. Barnum, for petitioner.
C. M. Bates, for administrator.

ARNOLD, S. Frederick G. Flint died on the 1st day of June, 1894, intestate. His only heir at law and next of kin is his brother, Elisha Flint. On the death of Frederick, Elisha engaged the petitioner here, who is an undertaker, to furnish a casket and render the necessary services in the burial of decedent. Soon after the funeral the undertaker duly presented his bill for $192 to Elisha Flint for the casket so furnished and the services so rendered. On the 4th day of October, 1894, Elisha Flint paid to the undertaker, on account of the bill so presented, the sum of $50. The

remainder of the bill is not disputed, but no further payment has been made. On the 4th day of December, 1894, Elisha Flint was duly appointed administrator of the estate of decedent, duly qualified and entered upon the discharge of his duties as such administrator, and is still acting as such. On the 6th day of January, 1896, the petitioner, William Drane, instituted these proceedings against the administrator for a compulsory accounting and for payment of his claim. On the return day of the citation the administrator appeared and filed objections to the jurisdiction of the court to entertain the proceeding. No other proceeding has ever been taken to collect the claim, and no action has ever been brought for its collection. The administrator has sufficient assets to pay the same.

Every person has the right to a decent Christian burial. The common law casts upon some one the duty of seeing that the decedent is accorded that right. In the case at bar the duty was cast upon the brother, who is now acting as administrator of the decedent's estate. 2 Bl. Comm. 508; Reg. v. Stewart, 12 Adol. & E. 773; Rappelyea v. Russell, 1 Daly, 214; Ferrin v. Myrick, 41 N. Y. 315. The expenses incurred in this case were reasonable and proper. If the administrator had paid them, as was his duty, he would be allowed for the amount so paid on his final accounting. But he neglects to pay the same, and it becomes necessary to consider the rights and remedies which the holder of such a claim has to obtain payment. It seems to have long been the rule of common law that necessary funeral expenses should be allowed prior to other debts and charges. 2 Bl. Comm. 508.

The common practice is for executors or administrators to pay these expenses before any others. An executor is authorized by statute to pay funeral expenses before letters testamentary are granted. 2 Rev. St. p. 71, § 16. It is certainly the duty of an administrator or executor to pay the funeral expenses of the decedent from his estate. Ferrin v. Myrick, 41 N. Y. 315; Patterson v. Patterson, 59 N. Y. 582. The funeral expenses are a charge upon the estate. Id.

It seems that in many states an action may be maintained against an executor or administrator, as such, for the funeral expenses of the decedent, and that judgment may be rendered de bonis decedentis. Hapgood v. Houghton, 10 Pick. 154; Samuel v. Estate of Thomas, 51 Wis. 549, 8 N. W. 361; Seip v. Drach, 14 Pa. St. 352; Campfield v. Ely, 13 N. J. Law, 150. But this does not seem to be the modern English doctrine (Corner v. Shew, 3 Mees. & W. 350), nor the law of this state. In this state the leading case in point seems to be Ferrin v. Myrick, 41 N. Y. 315. In that action it appeared that gravestones had been furnished to mark the graves of the administrator's intestate. Suitable gravestones are a part of the funeral expenses. 2 Williams' Ex'rs (9th Ed.) 171; Matter of Howard's Estate, 3 Misc. Rep. 170, 23 N. Y. Supp. 836; Owens v. Bloomer, 14 Hun, 296. The administrator had sufficient assets of the estate in his hands to pay the same. Plaintiff, who furnished the tombstone, sued the administrator in his representative

capacity, and the administrator filed a demurrer. The court, after carefully reviewing the authorities, say:

"The following principles are settled by these authorities: (1) That for all causes of action arising upon a contract made by the testator in his lifetime, an action can be sustained against the executor as such, and the judgment would be de bonis intestatoris. (2) That in all causes of action where the same arises upon a contract made after the death of the testator, the claim is against the executor personally, not against the estate, and the judgment must be de bonis propriis. That these different causes of action cannot be united in the same complaint." Ferrin v. Myrick, 41 N. Y. 322.

The court further say, at page 325:

"It is certainly the duty of the executor to pay the funeral expenses of the deceased from his estate, and it has been well held that suitable gravestones are a part of such expenses. 2 Williams' Ex'rs, 871, and note; 2 Redf. Wills, 224. The expenses do and should fall upon the estate and not upon the executor. But it does not follow, as a logical sequence, that an action at law can be maintained against the estate to recover the amount. I have endeavored already to show why the action should not be sustained against the executor as such, and why it may be sustained against him personally. It ought to be added that, in case of the fraud or insolvency of the executor, an equitable cause of action would probably be thereby created against the estate, which could be enforced in behalf of the creditor, and which would enable him to maintain a claim against the estate directly."

This case seems to have been cited with approval in many cases in the court of appeals and the lower courts. Austin v. Munro, 47 N. Y. 366; Casoni v. Jerome, 58 N. Y. 321; Patterson v. Patterson, 59 N. Y. 586; Cardot v. Barney, 63 N. Y. 288; Wood v. Tunnicliff, 74 N. Y. 46; In re Knapp, 85 N. Y. 297; Wetmore v. Porter, 92 N. Y. 82; Barry v. Lambert, 98 N. Y. 309, 516; Schmittler v. Simon, 101 N. Y. 558, 5 N. E. 452; Blood v. Kane, 130 N. Y. 520, 29 N. E. 994.

In the case at bar the contract was made with Elisha Flint individually, and under the above authorities the undertaker would be obliged to sue him as an individual. He could not maintain an action against him as administrator in the first instance. 7 Am. & Eng. Enc. Law, 340. Can the undertaker maintain this special proceeding?

Section 2727 of the Code of Civil Procedure provides that:

"A petition praying for the judicial settlement of an account, and that the executor or administrator be cited to show cause why he should not render and settle his account, may be presented in a case prescribed in the last section by a creditor or a person interested in the estate or fund. * * *"

Section 2514, subd. 3, defines the words "debts" and "creditor" as follows:

"The word 'debts' includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action; and the word 'creditor' includes every person having such a claim or demand."

Subdivision 11 of said section defines the expression "person interested" as follows:

"The expression 'person interested,' where it is used in connection with an estate or a fund, includes every person entitled either absolutely or contingently to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor. * * *"

The jurisdiction of surrogates' courts must be exercised in the cases and in the manner prescribed by statute. Section 2472. It ·seems that, under the decisions, and under the definition above quoted, the holder of a claim for funeral expenses is not a "creditor" of the estate. These expenses are not to be treated as a "debt" against the decedent, but as a charge upon the estate, the same as the necessary expenses of administration. Patterson v. Patterson, 59 N. Y. 574, 585. See, also, cases above cited. This rule is universally recognized by the text writers. Crosw. Ex'rs & Adm'rs, § 391; Schouler, Ex'rs, § 421; Woerner, Adm'n, § 357; 2 Williams' Ex'rs, § 169. Although the holder of a claim for funeral expenses is not a creditor of the estate, his claim is a first charge upon the assets of the estate, and is payable with the other expenses of administration, before the claim of any creditor of decedent. Patterson v. Patterson, 59 N. Y. 574; Ferrin v. Myrick, 41 N. Y. 315. Does this make him a "person interested" in the estate or fund, within the meaning of that expression as used in the Code? If it does he is entitled to maintain this proceeding.

To be a "person interested" one must be entitled to "share" in the estate or the proceeds thereof, or in the fund. Upon the facts above stated, is this petitioner now entitled to share with any one in the assets of the estate or the proceeds thereof? Is he entitled to share in the proceeds of this estate with the surviving brother of decedent? Under the above statement of law, it cannot be said that he is. He made his contract with the brother as an individual. He has his remedy for the collection of his claim. The law says his claim is against the brother individually. The cases hold that, under certain circumstances, equity will step in and help him to collect the claim out of the estate of decedent; but no facts are shown here requiring the aid of equity, and this is probably not the tribunal in which the petitioner could obtain equitable relief, if he was entitled to the same.

In the administration of estates, there seems to be two classes of persons created by the Code who may be entitled to participate in the distribution of the assets, namely, "creditors" and "persons interested." The creditors of an estate are entitled to be paid out of. the proceeds thereof before there can be any distribution to the persons who are interested therein as "husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise." The law creates another class, whose claims are a charge upon the estate, and who are entitled to be paid out of the assets before either "creditors" or "persons interested." This class is composed of persons holding claims against the estate for expenses of administration. The cases hold that the expenses of administration are the funeral expenses, the expense of probating will or of obtaining letters of administration, the expenses of settling the estate, including necessary attorney and counsel fees. All these charges, which are necessarily incurred, and which are reasonable in amount, are to be first paid by the executor or administrator in the due course of administration. Although these charges are not

created by the contract of decedent, the law recognizes that they are incurred for the benefit of the estate; that there is, therefore, an obligation on the part of the estate to pay the same, and it makes them a first charge upon it.   Keener, Quasi Cont. 341, 344.

Upon the final judicial accounting of an executor or administrator, the common law gave the probate courts the power to allow the executor or administrator, out of the estate, the expenses which he had necessarily incurred in the course of administration. Young v. Brush, 28 N. Y. 667, 673.   The power was afterwards conferred by statute.   See 2 Rev. St. p. 93, § 58.   And it is now provided in the Code that "in all cases such allowance must be made for their necessary expenses actually paid by them as appears just and reasonable."   Code Civ. Proc. § 2730.   But, so far as I can find, it has always been held by these courts that persons holding these claims cannot obtain payment of them by proceedings in a surrogate's court.   Hoes v. Halsey, 2 Dem. Sur. 577.

Counsel for petitioner relies on Patterson v. Patterson, 59 N. Y. 582, Dalrymple v. Arnold, 21 Hun, 110, Laird v. Arnold, 25 Hun, 4, and In re Laird, 42 Hun, 136, to support his contention that the petitioner is a creditor of the estate of decedent, and that he is also a "person interested" in the estate.   Patterson v. Patterson simply holds that one who has paid the funeral expenses of a decedent is entitled to set the amount of such payment up as a counterclaim in an action brought against him by the decedent's personal representative.   This right is recognized by all the authorities.   The decision in the remaining cases seems to have been founded on chapter 267 of the Laws of 1874, which has been repealed by chapter 245 of the Laws of 1880.   The provisions of chapter 267 of the Laws of 1874 do not seem to have been reenacted in any of the subsequent statutes.   It is now held that the holder of a claim for funeral expenses is not entitled to maintain a proceeding for the sale of real estate to pay the same.   In re Corwin's Estate, 10 Misc. Rep. 196, 31 N. Y. Supp. 426.

Under the law as it now stands, the estate of a person dying intestate is to be distributed as follows:   (1) All charges upon the estate for expenses of administration are to be paid.   (2) The creditors of the intestate are next to be paid.   (3) The balance remaining after these payments is to be distributed among the "persons interested" in the estate as "husband, wife" etc., according to their respective interests.   The petitioner belongs to the first class.   It follows that he is not, within the cases cited, and the definitions given in the Code, a "creditor" or a "person interested" in the estate.   He is, therefore, not entitled to institute these proceedings, and his petition must be dismissed.

Petition dismissed.