(18 Misc. Rep. 406.)

### In re HORTON'S ESTATE.

(Supreme Court, Special Term, Erie County. November, 1896.)

INSANE PERSONS—ATTORNEY'S CLAIM FOR FEES—JURISDICTION OF SUPREME COURT.

The supreme court has jurisdiction to entertain a petition by an attorney for payment out of the estate for services rendered in behalf of the estate of an insane person on the employment of his committee.

Petition by Thomas K. Nafus for an order directing the committee of Millard H. Horton, an insane person, to pay petitioner for services rendered by him as attorney for the estate, on the employment of the committee. Reference ordered.

Achilles Oishei, for petitioner.

Frederick Haller, for committee.

LAUGHLIN, J. The petition of Thomas K. Nafus, an attorney and counselor of this court, shows that by proceedings duly had in this court in February last Horton was adjudged an incompetent person, and a committee of his person and property was duly appointed. An indebtedness amounting to $1,500 was owing to the estate. The committee, being unable to collect the claim, employed the petitioner for that purpose, and through his efforts and services the whole amount was paid over to the committee, who still retains sufficient thereof to pay for the legal services thus rendered. The committee having repeatedly declined to pay the attorney for his services, the latter petitions the court to have the value of his services determined, and for an order requiring the committee to pay the same. No affidavit is presented in behalf of the committee controverting any of the facts stated in the petition; but the committee, through her attorney, challenges the power and jurisdiction of the court to entertain the petition, or to order that the attorney be paid for his services out of the estate, and with the utmost confidence contends that the only remedy the attorney has is to sue the committee individually. It is conceded that, if the committee saw fit to consent, the court might make the order. The attorney has successfully completed his employment, and no cause is shown as to why he should not be paid. The committee, who is the agent of, and was appointed and may be removed by, the court, seems unwilling to submit it to the judgment

of the court as to whether it is for the interest of the estate that these services be adjusted in this manner rather than by a more expensive litigation. The committee merely represents the court in the exercise of its jurisdiction over the property of incompetent persons, and is subject to its orders with respect to the care, management, and disposition of such property. Code Civ. Proc. §§ 2321, 2322, 2339; Ackerman v. Bethune, 3 Misc. Rep. 126, 23 N. Y. Supp. 805. It has been held by surrogates in the settlement of estates that attorneys employed by executors or administrators are not creditors of the estate. In re Flint, 15 Misc. Rep. 598, 38 N. Y. Supp. 188; Kowing v. Moran, 5 Dem. 56. In the latter case the surrogate states that the same rule applies to the case of attorneys employed by a committee of the property of a lunatic, but cites no authority to sustain the proposition. It requires no argument to show that the cases are not parallel. Price's Appeal, 116 Pa. St. 410, 9 Atl. 856. A creditor of the incompetent person cannot sue the committee without leave of the court, and references to determine the validity of such claims without suit are favored. In re Hopper, 5 Paige, 489; Williams v. Cameron's Estate, 26 Barb. 172. No argument is made in behalf of the committee to show that this rule should not be followed if the court has jurisdiction. On the conceded facts, the attorney had an equitable lien on the funds in the hands of the committee, the fruits of his labor, for the value of his services. It is right and proper that he should now be paid, and the court has full jurisdiction to entertain this proceeding instituted for that purpose. Price's Appeal, 116 Pa. St. 410, 9 Atl. 856; McKelvy's and Sterrett's Appeals, 108 Pa. St. 615; Manderson's Appeals, 113 Pa. St. 631, 6 Atl. 893. An order may be entered referring the matter to Walter G. Smith, Esq., to take proofs as to the employment and value of the petitioner's services, and to report the evidence and his opinion thereon to the court.

Ordered accordingly.