NEW YORK COUNTY.—HON. D. C. CALVIN.—SURROGATE.—
February, 1877.

## MATTER OF ROONEY.

*In the matter of the Estate of* OWEN ROONEY, *deceased.*

An undertaker, called upon to furnish funeral requisites for a deceased, is only chargeable with a knowledge of the apparent condition of the deceased's property, and his station in life, and if he furnishes only what would be suitable if such appearances were not deceptive, he is entitled to be paid in full from the estate, even though it is insolvent.

THE facts appear in the opinion.

T. G. BARRY, *for the petitioner.*

E. J. PATTISON, *for the executor.*

THE SURROGATE.—On the testimony and the report of the referee in this matter, I felt constrained to modify the report, and disallow a portion of the pe-

titioner's bill for funeral expenses, as excessive, and out of proportion to the station of the decedent, and the insolvent condition of the estate.

On application of the petitioner, and the suggestion that injustice has been done him, and that additional testimony could be furnished in respect to the reasonableness of his bill, I sent the matter back for further proof.

The testimony now returned, shows substantially that the decedent was a liquor dealer, in this city; that he dressed and lived well, and was in apparently comfortable circumstances, the owner of a place worth $12,500, and of three lots worth $7,500,— showing his apparent property to be worth $20,000, or more. The premises above mentioned however, proved to be so mortgaged, and the lots so assessed, that under the depressed condition of real estate, the whole realized, over and above the mortgages and assessments, something less than $1,000, while his debts proved to have been about $8,000. It also appears that the son of the decedent, who ordered the funeral expenses, was a minor about 18 years of age.

It also appears that the bill rendered, so far as the items are concerned, is reasonable, and embraced the customary charges in such cases.

In several cases I have had occasion to consider the impropriety of large funeral expenses for persons deceased, who were in humble circumstances and condition in life, and especially where the estate was insolvent, and the rights of creditors intervened, and particularly in respect to the expense of head-stones,

monuments, &c.   Still I am of the opinion that an undertaker called to furnish the necessary funeral outfit, is only chargeable with a knowledge of the apparent condition of the decedent's property, and of his station in life, and he cannot be expected to enquire as to the extent of the incumbrances upon the decedent's property, or the amount of the debts which he may owe.   He should only be held to a rigid accountability in respect to what must be apparent to a reasonably prudent observation.

The question presented under this evidence is, what had the petitioner the right to presume to be the pecuniary condition of the decedent?   Obviously that he was engaged in a prosperous business, possessed of real estate worth about $20,000, and there is no evidence to show that he knew, or had reason to believe, that this property was encumbered, or that he was largely in debt.

Willard ( *Willard on Executors*, p. 272), says, after reviewing a great number of authorities on this subject: " The principle which seems to be deducible from the case is, that where the estate is large, and the claims of creditors do not interfere, the personal representatives are justified in burying the deceased, in the style and manner usually adopted for persons in the like rank and condition in society.   But if the deceased were insolvent, although of respectable standing, the expenses of the funeral corresponding in style to what is usual by the ordinary custom of the country for persons moving in the same circle, would be allowed; but as tomb-stones need not be purchased until the personal representatives have

ascertained the state of the deceased's assets, it is believed they are not a proper charge in any case as against creditors."

This exposition of the rule by the learned judge, and the distinction which he makes, seem to me so reasonable that I have no hesitation in adopting it as a safe and wise rule in such a case as this.

On the evidence as it now stands, I am of the opinion that the finding of the referee is correct, and that his report should in all things be confirmed, as the expenditure seems to have been in accordance with the apparent condition in life of the deceased and the extent of his property.

Let an order be entered confirming the report.