(1 Misc. Rep. 245.)

### In re HILDEBRAND'S ESTATE.

(Surrogate's Court, Cattaraugus County. November, 1892.)

1. EXECUTORS—ACCOUNTING—FUNERAL EXPENSES.

Funeral expenses incurred by an executor to the amount of $60 will not be held excessive where the executor acted in good faith, though testator's estate was not sufficient to pay in full the statutory exemptions of the widow.

2. SAME—ASSETS—ALLOWANCE TO WIDOW.

Where a testator in his lifetime gives notes owned by him to the executor, with instructions to use the proceeds in paying funeral expenses, and for the purchase of a tombstone, such notes are not a part of the estate, and are not applicable to the payment of the widow's statutory exemption.

Proceedings for the settlement of the account of the executor of the will of John Hildebrand, deceased.

J. K. Ward, for the executor.

E. D. Northup, for the widow.

A. Ward, creditor, in person.

DAVIE, S. John Hildebrand died at the town of Ashford, Cattaraugus county, December 3, 1889, leaving a will, which was admitted to probate March 26, 1890. William H. Proctor was named in said will as executor, and now presents an account of his proceedings as such for judicial settlement. Testator left him surviving his widow, but no child. An appraisal of his estate was made, and an inventory thereof filed during the time that chapter 406 of the Laws of 1889 was in force. In making such inventory, in addition to the articles exempt to the widow by the Revised Statutes, (2 Rev. St. 83,) the appraisers set off to her the other personal property of the testator, amounting to $42.75. They also appraised and assumed to set off to her the real estate of the testator, consisting of 25 acres of land of the value of $625. The executor sustained the funeral expenses of the testator to the amount of $60, and incurred necessary expense in the probate of said will and in the administration of said estate to the amount of $99.70. The account filed shows an increase of inventory to the amount of $101.40. Such increase arose from the following facts: Prior to the death of the testator he delivered to Proctor two promissory notes owned by testator, with instructions to collect the same, and use the proceeds thereof in defraying his funeral expenses and in the purchase of a tombstone for his grave. During his lifetime testator received from Proctor the sum of $5 of the proceeds of said notes, and the balance, $101.40, remained in Proctor's hands at the time of the death of the testator. The widow objects to the items charged in the account for funeral expenses as unreasonable and unwarranted, and asks that this increase of $101.40 be set off to her, claiming that the same is absolutely exempt to her under the statute referred to, (chapter 406, Laws 1889,) and that she is entitled to take the same free from charges for funeral expenses or expenses of administration. The objection that the amount paid out by the executor for funeral ex-

penses is unwarranted is not tenable. The authority of an executor to pay the funeral charges of his decedent, even before the granting of letters, is regulated by statute. 2 Rev. St. 71. His duty so to do is well defined under the common law. Rappelyea v. Russell, 1 Daly, 214. In determining whether an expenditure is warranted or not, the executor is only chargeable with knowledge of the apparent condition of the estate. In re Rooney, 3 Redf. Sur. 15. It is entirely apparent that the executor, in this case, has acted in entire good faith. The expenditure was a moderate one, and the executor's claim to be reimbursed should not be denied on the ground that the expenditure was unwarranted.

A somewhat more perplexing question, however, is raised by the application of the widow to have this $101.40 set off to her. The widow could not, of course, be deprived of her statutory exemptions by any default on the part of the appraisers in not setting off to her all she was entitled to; and in a proper case the decree upon judicial settlement should remedy the omissions of the appraisers. Code Civil Proc. § 2721. But I am of the opinion that the act of the testator in turning over these notes to Proctor, with instructions to expend the proceeds for a specific purpose, puts it beyond the claim of the widow. The testator had the unrestricted right to use the proceeds of these notes in any manner he saw fit, for his own individual benefit, or even to give the same away, without regard to the rights of the widow. Testator had substantially disposed of the proceeds of the notes,—that is, he had turned the notes over to Proctor with express instructions to expend the receipts therefrom for a certain purpose,—and Proctor was justified, without regard to the execution of his trust as executor, in making the disposition directed. The appraisers, in making the inventory and in setting off the real estate to the widow, evidently entertained a mistaken impression of the terms of the statute. Chapter 406, Laws 1889.[1] The widow gets no additional interest in the real estate in this case under the terms of that statute. Section 1 of that act amends the provisions of chapter 2, pt. 2, of the Revised Statutes, relating to title to real estate by descent, by enlarging the interest of the widow therein in cases of intestacy; but such section has no application to a case like this, where there is a will. The additional exemptions to the widow provided for by section 2 of said act are confined to personalty. The words of the act are:

"In case the interest of the widow in the real estate of the deceased husband, in addition to her dower right, and together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart for the use of such widow * * * personal property, which, together with said real estate, shall amount to one thousand dollars."

[1] Section 1 of this act reads as follows: "If the intestate shall leave a widow and a descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter two, shall be entitled to the use during her life of an additional portion of the estate, not exceeding in value one thousand dollars; and in case the intestate shall leave a widow and no descendant or descendants, then the widow shall be entitled to the absolute ownership, in fee, of such additional portion of the estate."

· Under that section the appraisers had nothing whatever to do with the real estate, except to appraise the interest of the widow therein, in order to determine the additional amount of personal property to be set off to her. A decree should be entered herein disallowing the claim of the widow to any part of the $101.40, permitting the executor to retain therefrom the amount of the funeral expenses as set forth in his account; also adjusting the expenses of administration at the amount charged in the account, and adjudging the same to be a valid claim against the estate.