ADMINISTRATORS—SURROGATE—CREDITORS—BURIAL EXPENSES.

The undertaker who buries a decedent is not a "creditor," within Code Civ. Proc. § 2514, par. 3, defining a creditor as one having a claim on which a judgment could be recovered in an action, and hence the surrogate cannot compel the administrator to pay the funeral expenses.

In the matter of the estate of William Schulz, deceased. Petition for compulsory accounting. Petition dismissed.

Chas. W. Newton, for executor.
Chas. P. Lotz, for petitioner.

MARCUS, S. The petitioner is an undertaker who obtained an order to show cause why the funeral expenses for the burial of the deceased should not be paid him. The value of the services are deemed reasonable, and are not disputed. The will of the deceased was duly probated, and George Dittley, who was named therein as executor, duly qualified and entered upon his duties. In January, 1896, a petition for judicial settlement was filed, and an account rendered, and on the 15th day of January of said year a decree was made by this court discharging the said Dittley from all liability and accountability as such executor, and ordering the appointment of one Philip Wurtz as administrator with the will annexed of the above estate upon his giving a sufficient bond; that thereafter said Wurtz duly qualified and entered upon the performance of his duties, but has since died. In the account rendered by said Dittley, the claim of the petitioner to the amount of $206.50 appears, together with a memorandum that the claim was accepted, but not paid, because of no funds in the hands of the accounting executor. Nevertheless, sufficient assets were in the hands of the said executor which were applied upon the payment of mortgages, without authority, and which must be regarded in law as waste. It is admitted that the petitioner had no notice of the settlement of the account on the part of said Dittley, and therefore cannot be bound by the decree. From a careful examination of the questions presented in this proceeding, I am satisfied that it was unnecessary for the resigning executor to serve a notice upon this petitioner, since this petitioner is in no way a "creditor" of the estate, within the definition of that term as laid down in paragraph 3 of section 2514 of the Code, nor is his claim a debt against the estate, nor is he a person interested in the estate; and, for the same reason, I am reluctantly obliged to dismiss this petition.

However strange it may seem, this court is absolutely without power to relieve the petitioner in the enforcement of his claim for the burial of the deceased; and while the law declares that the expenses of burial are a preferred charge against the estate, and that it is the right of every person to have a decent burial, and that the necessary and proper expenses of the interment of a dead body are

a charge upon his estate; that the duty of burial rests primarily upon the personal representatives; and that the law will imply a promise to him who, in the absence of such representatives or the necessity of the case, for any reason incurs the expense of a proper burial,—yet I am unable to assist this petitioner in his just effort to be paid for his services, which are admitted by the executor in his account to be entirely fair and reasonable. The law recognizes the right of an executor or administrator to pay for funeral expenses even before letters are granted to him, subject only to their reasonableness; that the funeral expenses rank with administration expenses from the point of preference over all other claims or debts; that by common law necessary burial expenses were allowed prior to the debts and charges; that the surrogate may authorize a temporary administrator to pay funeral expenses; nevertheless he is powerless to direct an executor or administrator to do what the court will always sanction when such executor or administrator voluntarily pays the same. In Re Rooney, 3 Redf. Sur. 15, payment was ordered upon a like petition by the undertaker, while in Re Hooney, 5 Dem. Sur. 285, the surrogate doubted his power to make such order. I feel obliged to follow the rule laid down in Re Flint's Estate, 15 Misc. Rep. 598, 38 N. Y. Supp. 188, which results in dismissing this petition. The petitioner must, therefore, be left to his remedy by an action at law, since the administrator (or executor) personally, and not the estate, is liable for all contracts made by him for funeral expenses of the deceased; and in case of his death or removal after such contract, and the appointment of a new administrator in his place, no action against the latter, as representing the estate, can be maintained thereon. Ferrin v. Myrick, 41 N. Y. 315. It seems, however, that in the case of Riley v. Waller, 22 Misc. Rep. 63, 48 N. Y. Supp. 535, this rule is somewhat questioned.

Petition dismissed, without costs.