(70 App. Div. 56.)

## FOWLER v. MANHEIMER.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—TITLE—REASONABLE DOUBT
—PRESUMPTIONS.

The owner of land died in 1865, leaving a widow, who, in her petition
for letters of administration, stated that his only next of kin was a
sister, who, when last heard from,—about 14 years previously,—resided
in Scotland. The state subsequently released to the widow its right to
the estate, subject to the claim of any purchaser, heir at law, devisee,
creditor, etc. The widow left a will creating certain trusts, and plaintiff,
as trustee, made a contract to sell the land, which he seeks to enforce.
*Held*, that the title was not so free from reasonable doubt that the pur-
chaser would be compelled to perform.

Appeal from special term, New York county.

Appeal by Edward S. Fowler, trustee, against Seligman Manheimer.
From a judgment in defendant's favor, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Abel E. Blackmar, for appellant.

Samson Lachman, for respondent.

McLAUGHLIN, J. This action was brought to compel the spe-
cific performance of a contract for the sale of certain real estate in the
city of New York, the defendant having refused to perform upon the
ground that the title tendered was unmarketable, and the question
presented upon this appeal is whether or not the defendant was justified
in his refusal. The facts, so far as the same are material to the ques-
tion presented are as follows: In 1860 one John Fergerson, it is con-
ceded, acquired good title to the premises by a deed of conveyance,
which was recorded on the 9th of March of that year. He died in-
testate on the 11th of October, 1865, leaving, him surviving, his widow,
Jane Fergerson, who applied to and obtained from the surrogate's
court of the county of New York letters of administration upon his
estate. In the petition filed for such letters, she stated that the only
"next of kin" of her intestate was a sister, Elizabeth, who, when last
heard from, which was about 14 years previous, resided in Scotland.
In 1867, by an act of the legislature of that year (chapter 603), all the
estate, right, title, and interest of the people of the state of New York
in and to the premises in question were released to Jane Fergerson, the
widow of John Fergerson; but the act expressly provides that she
shall hold the land under such release "subject to any right, claim or
interest of any purchaser, heir at law or devisee, or of any creditor by
a mortgage, judgment or otherwise, in the said real estate." John
Fergerson at the time of his death was in possession of the premises
in question; and Mrs. Fergerson, from the death of her husband, con-
tinued to occupy the same until her death, which occurred in April,
1897. She left a will, which was admitted to probate, and in which
certain trusts were created; and, the trustee therein named having
died, the plaintiff in this action was substituted, and as such substi-

75 N.Y.S.—2

tuted trustee he entered into the contract with the defendant. At the time fixed for the closing of the contract the plaintiff was ready and willing to perform, but the defendant refused to perform upon the ground that the title to the land is in the heirs at law of John Fergerson, and that Jane Fergerson, through whom the plaintiff claims, never had any title at all. Other objections were raised, but it is unnecessary to consider them, in view of the conclusion at which we have arrived.

An action for specific performance is an equitable one, and, to entitle the plaintiff to the relief asked, proof must be presented which clearly and satisfactorily establishes that he is equitably entitled to it. Heller v. Cohen, 154 N. Y. 306, 48 N. E. 527. He is not entitled to such relief under a contract for the sale of land unless he has tendered a title which is free from reasonable doubt (Vought v. Williams, 120 N. Y. 257, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634); and if, after a fair consideration of the title which he has tendered, a reasonable man would hesitate to take it, then it cannot be said to be free from reasonable doubt, and a party who has agreed to take it is justified in refusing to perform, as has many times been said, for the reason that a purchaser of real estate ought not to be compelled to take a title which he may be obliged to defend by litigation (McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527); that he is entitled to a marketable title, free from doubtful questions of fact or law (Brokaw v. Duffy, 165 N. Y. 391, 59 N. E. 196). Under these authorities, and many others that might be cited to the same effect, we are of the opinion that the defendant was justified in his refusal to accept the title tendered him. If the plaintiff has good title, it must be conceded it is solely by virtue of the act of the legislature; and whether that act accomplishes that purpose, of course, depends upon the fact as to whether John Fergerson, when he died, had heirs at law who were capable of taking the title under the statutes of the state of New York. It is true, in the petition made by Jane Fergerson for letters of administration upon her husband's estate, she stated that his only "next of kin" was a sister, Elizabeth, who had not been heard of for about 14 years, at which time she resided in Scotland; and in this connection it also appeared that John Fergerson was naturalized just prior to the time he acquired title, and that he came from Scotland; but this proof fell far short of establishing that the sister, Elizabeth, at the time John died, was an alien, and for which reason she could not inherit from John, or that intermediate the time when she was last heard from and John's death she had not married a citizen of the United States, and had living issue by such marriage. It, however, did appear that the sister was married; but the record fails to disclose whom she married, or the time when the marriage occurred. It cannot be presumed, in the absence of evidence bearing upon the subject, that, because the sister had not been heard of for 14 years, she was dead, any more than it can be presumed that she was at the time of the death of John an alien, or did not have children who could inherit. Vought v. Williams, supra. Nor do we think that the statement of Jane Fergerson, in the petition referred to, or her subsequent declarations upon the subject, were sufficient to establish the fact that John did not leave other heirs at law capable of inheriting under the statute.

The plaintiff is asking for a specific performance of the contract, and, before he can become entitled to that relief, he must establish beyond a reasonable doubt that the title which he tendered was good; and this he can only do by showing that John Fergerson, at the time he died, did not leave any heirs at law capable of inheriting under the statutes of the state of New York, and for that reason the title is escheated to the state. Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674, 73 Am. St. Rep. 673. In the case last cited the court held that title by adverse possession is not shown where there is a failure to negative the possibility of an outstanding claim by the heirs of a former owner, as to whom the adverse possession was open to contingencies of remaindership and infancy. So, here, we think the plaintiff failed to show the title he tendered was marketable, inasmuch as he failed to negative the possibility that John Fergerson left heirs at law capable of inheriting. The burden was upon the plaintiff, and not upon the defendant, to establish such facts. But it is said that plaintiff has acquired good title by adverse possession. This cannot be, because the only interest which Jane Fergerson acquired was by virtue of the act of the legislature, and that expressly provided that her interest must be held subject to any right of heirs at law.

It follows, therefore, that the judgment appealed from must be affirmed, with costs. All concur.