### RUGGIERO et al. v. TUFANI.

(Supreme Court, Appellate Term. May 29, 1907.)

1. WORK AND LABOR—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for materials furnished and services rendered in the burial
of defendant's son, evidence considered, and *held* sufficient to support a
finding that defendant ordered the materials and services.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Work and La-
bor, § 55.]

2. CONTRACTS—ACTIONS—DEFENSES.

The fact that undertakers have been paid the amount which the Surro-
gate's Court deemed the reasonable funeral expenses of a decedent, in view

of his condition and station in life, does not affect their right to sue for the balance upon an express contract made with a third person.

3. MONEY PAID—EXECUTORS AND ADMINISTRATORS—LIABILITIES OF ESTATE—FUNERAL EXPENSES—CLAIM BY ONE UNDER EXPRESS AGREEMENT.

One against whom the full amount of an express contract for funeral expenses has been recovered may recover from the decedent's estate such part of the contract price paid as would constitute a reasonable expenditure for that purpose.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Money Paid, §§ 1, 12.]

Gildersleeve, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Francesco Ruggiero and another against Paride Tufani. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Arpad A. Kremer, for appellant.
Ullo, Ruebsamen & Yuzzolino, for respondents.

SEABURY, J. The plaintiffs furnished materials and rendered services relative to the burial of a son of the defendant. The plaintiffs claim that the materials and services were of the reasonable value of $468. The widow of the deceased having been appointed administratrix by the Surrogate's Court of New York county, the plaintiffs presented their claim against the estate. The Surrogate's Court determined that the plaintiffs' claim, "to the amount hereinbefore stated ($300), is a reasonable charge as against the estate for the funeral expenses of said decedent." The sum of $300 was paid the plaintiffs by the estate, and the present action was brought against the defendant for $168, the difference between the alleged market price of the services and materials and the amount with which the estate of the decedent was charged by the Surrogate's Court. It appears from the testimony that the defendant ordered the materials and services which the plaintiffs supplied. This fact has been found by the trial justice, and the evidence is sufficient to support the finding.

There was no material contradiction between the testimony given by Ruggiero before the referee and that which he gave upon this trial. When testifying before the referee he said that the defendant had selected all the materials, which were subsequently furnished. It is true that he testified that nothing was said as to who would pay for the services and materials; but this apparent contradiction was explained, when it was shown that Ruggiero had two interviews with the defendant, and that nothing was said as to who should pay for the funeral expenses at the first interview. This was the only interview in reference to which Ruggiero was questioned before the referee. An examination of the testimony of this witness given upon the trial, and that given before the referee, discloses no reason why his testimony should be characterized as false. His testimony was corroborated by that of another witness, while the unsupported testimony of the defendant, contradicting Ruggiero, was weak and inconclusive. The

defendant admitted that he told Ruggiero, in reference to the funeral, with "what you do I am satisfied"; and, when asked specifically whether he requested Ruggiero to attend to the funeral, he replied, merely, "I don't remember;" and, when pressed further upon this point, he anwered, "I told you I forgot if I told him so."

The fact that the plaintiffs presented their claim for payment against the estate of the decedent does not prevent them from suing upon their contract ·obligation, when the whole or a part of the debt due is not paid by the estate. When one dies, leaving an estate, the duty of burial is upon the executor. Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384. Under the statute at present existing an executor or administrator must pay, out of the first moneys received, "the reasonable funeral expenses of the decedent, and the same shall be preferred to all other debts and claims against the deceased." Section 2729, subd. 3, Code Civ. Proc. The executor is also prohibited from inteference with the estate until after probate, except that he may discharge funeral expenses. 2 Rev. St. (1st Ed.) p. 71, pt. 2, c. 6, tit. 2, § 16. "From this duty springs a legal obligation, and from the obligation the law implies a promise to him who, in the absence or neglect of the executor, not officiously, but in the necessity of the case, directs a burial and incurs and pays such expenses thereof as is reasonable." Patterson v. Patterson, supra. It has also been held that, before subdivision 3 was added to section 2729 of the Code of Civil Procedure, by chapter 293, p. 755, of the Laws of 1901, an executor is not liable for funeral expenses, when the funeral was ordered by and credit given to another person. Lucas v. Hessen, 13 Daly, 347; 3 Williams on Executors (7th Am. Ed.) p. 303. But, assuming this to be the present rule, it does not follow that one who makes an express contract to pay for funeral expenses is discharged from the obligation of his contract because the estate has paid a part of the amount which he contracted to pay. The undertaker furnishing the materials cannot, of course, recover twice; but, when the estate has paid him a part of the debt incurred by another, he may recover upon the express contract for the balance of the debt. When the estate pays the undertaker what the Surrogate's Court deems the reasonable funeral expenses, in view of the condition and station in life of the decedent, the right of the undertaker to sue for the balance upon an express contract made with a third person is not affected or impaired. The undertaker could, doubtless, have sued the defendant in the first instance upon the express contract, and have recovered the full amount of the contract debt. In this event the defendant could have recovered from the estate such part of the contract price which he paid the plaintiffs as would constitute a reasonable expenditure for this purpose against the decedent's estate.

As to whether or not the plaintiff, if he .failed to recover from the defendant the full amount of the contract price, could have sued the state for the balance is not now before us for decision. A determination of this question would, doubtless, require a consideration of the present statutory provisions as to the liability of an estate to pay for funeral expenses. Whatever the rule may be on that subject, it is clear that the contract obligation, which the defendant was under

to the plaintiffs, cannot be impaired by the fact that the estate has paid the plaintiffs something on account of this debt.

Judgment affirmed, with costs.

BRADY, J., concurs.

GILDERSLEEVE, P. J. (dissenting). On November 23, 1904, one Antonio Tufani, the son of the defendant herein, died. The funeral was conducted by the plaintiffs, who also furnished the casket, hearse, embalmed the body, and rendered services in connection with the burial. The widow of the deceased was subsequently appointed administratrix, and, there not being sufficient personal property left by the decedent to pay his debts, she made a petition on October 17, 1905, to the Surrogate's Court of this county, asking leave to sell the deceased's interest in certain real property owned by him. In this petition she set forth, among other things, that publication of a notice to creditors to present their claims against the estate of the said decedent had been commenced January 21, 1905, and ended July 22, 1905, and the petition contained a list of the claims presented against the estate which remained unpaid, among which was the claim of these plaintiffs, amounting to the sum of $468. This claim, as it appears in the record, was made against the "estate of Antonio Tufani," was dated December 7, 1904, and accompanied by the affidavit of Francesco Ruggiero, one of the plaintiffs, in which he swears:

"The annexed statement of the account of said firm against said estate is just, true, and correct."

On April 9, 1906, a referee was appointed by the surrogate to "hear the allegations and proofs of all the persons interested in the application, and to report his opinion thereon, together with the testimony," etc. The plaintiffs appeared before said referee and made proof of their claim. Francesco Ruggiero, one of the plaintiffs, was sworn, and testified that the services rendered and the articles furnished for and in connection with the burial of the deceased were reasonably worth a sum aggregating $468, giving in detail each service rendered and the material furnished, with its reasonable value. This witness also testified that he was ordered to attend the funeral of the deceased by "Mr. Tufani and the son-in-law of the deceased"; that Mr. Tufani came to his office and gave him power to take charge of the body, which he did; that as to the style of the funeral nothing was said at that time, but that, when the body of the deceased was brought home, "he told me what he wanted." These questions were then asked of and answered by him:

"Q. When you say 'he,' you mean the father? A. I mean the father and son-in-law. Q. Did he tell you who was going to pay for the funeral? A. We did not talk about it. Q. Nothing was said about it? A. Nothing."

Thereafter the referee made his report, and stated that in the schedule accompanying the same was set forth the debts of said deceased and claims against his estate, which had been duly proven and established as valid and subsisting claims, and in the schedule appears the plaintiff's claim for funeral expenses fixed at $300. The total

amount of debts was stated to be $1,639.14. The total amount of personal property owned by decedent at the time of his death was $109.39, and his interest in the real property was shown to be $4,262.50, and that it had been contracted to be sold for that sum. The surrogate confirmed the report of the referee, and directed a sale, in which decree of sale he adjudged that:

"The claim of F. Ruggiero & Son, up to the amount hereinbefore stated ($300), is a reasonable charge as against the estate for the funeral expenses of said decedent, and to such amount is a valid and subsisting charge against said estate."

All of the foregoing proceedings appear in and form a part of the record in this case. On July 24, 1906, the plaintiffs herein began this action against this defendant. In their complaint, verified July 14, 1906, they allege in substance that on December 7, 1904, at the request of this defendant, they rendered services and furnished materials in and about the funeral of Antonio Tufani, and that the reasonable value of such services and materials is $468, and allege that this defendant promised to pay the same. The complaint was amended upon the trial by reducing the amount claimed to $168. Their itemized bill of particulars contains the same items, and charges therefor, as were contained in the bill presented against the estate of said Tufani. Upon the trial Francesco Ruggiero was sworn, and testified in detail to each item contained in said list, and to all of the items except two, one of $20 for services in attending the funeral and one for 13 coaches at $5 each; and the witness testified that the defendant's attention was especially called to each of said items, the prices were told him, and were fixed, and that the defendant expressly promised and agreed to pay the prices charged therefor. As to those two excepted items, above referred to, he testified that a reasonable charge therefor would be $20 and $65, respectively. The plaintiffs had a judgment herein for $168, being the difference between the $300 allowed by the surrogate and the total amount of the claim. The defendant squarely contradicted this testimony, and swore that he never promised and agreed to pay the funeral expenses of the deceased. It was conceded upon the trial that no appeal had ever been taken from the decree of the Surrogate, and the defendant saved all his rights to have the evidence taken reviewed upon appeal, by timely objections and exceptions thereto, and motions to dismiss the complaint.

We do not think that, under the circumstances disclosed by the testimony in this case, the plaintiffs should be allowed to recover against this defendant. When the plaintiffs furnished the materials and rendered the services, they must necessarily have given credit either to the persons who ordered them or to the estate. That the plaintiffs gave credit to the estate is evident. When they presented their claim, and gave evidence in support of it before the referee, no pretense was made that any person had contracted with and agreed to pay them for their services, etc., and the plaintiff, who testified to the reasonable value of the expenses, declared positively that nothing was said between himself and the defendant as to who was to pay for such expenses. Upon the trial, however, it will be seen that the plaintiffs not only charged

their claim, as presented to the referee and set up in their complaint herein, from a charge for the reasonable value of the services rendered and materials furnished to an express agreement made by defendant to pay for the same at an agreed price, but they changed the testimony to fit the requirements of the new position taken by them. If their first position, with testimony given in support of it, was true, the last was untrue.

Another element in the case, tending to cast discredit upon the position now assumed by the plaintiffs, is that before the referee the plaintiff testified that the defendant and a son-in-law of the deceased gave the order to plaintiffs, so that, if any liability was created on the part of the defendant, it was equally a liability on the part of the son-in-law; but upon the trial the plaintiffs make no mention of the son-in-law. The witness called by the plaintiffs to corroborate their last version of the matter does not add much weight to plaintiffs' testimony. This witness was one of the plaintiffs' drivers, and he was, therefore, an interested witness. He testified that he did not hear all the conversation, as he had to work in the house, and as to those portions which he testified that he did hear he merely repeated the words of the plaintiff, who had preceded him on the stand; the language used by him being so nearly identical with that used by the plaintiff as to excite suspicion as to its correctness. Under these circumstances, and in view of the positive testimony of the defendant that he made no express promise to pay the plaintiffs, it is evident, as before stated, that the plaintiffs relied upon the estate of the decedent for compensation, and the attempt to charge the defendant therewith was an afterthought, and it must be held that the judgment is not supported by credible testimony.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.