(75 Misc. Rep. 79.)

### In re WINGERSKY'S ESTATE.

(Surrogate's Court, New York County.   December, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 214*)—FUNERAL EXPENSES—LIABILITY OF PERSONAL REPRESENTATIVE.

Code Civ. Proc. § 2729 provides a method for recovering material and services on burial of a decedent, but only where there exists a contract and a direct liability of the personal representative.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.*]

2. EXECUTORS AND ADMINISTRATORS (§ 214*)—FUNERAL EXPENSES—UNREASONABLE COST.

Code Civ. Proc. § 2729 does not authorize recovery of more than reasonable funeral expenses, though personal representative may have contracted for a funeral of unreasonable cost.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.*]

In the Matter of the Estate of Wulf Wingersky. Proceedings to compel payment of funeral expenses. Decree rendered.

Herman N. Hansen, for administrator.

Gustav Goodmann, for petitioner.

FOWLER, S. This is a proceeding by the undertaker, under section 2729 of the Code of Civil Procedure, to compel the administrator to pay the funeral expenses of the late Wulf Wingersky. Again, as is common in these matters, the legal theory upon which a recovery is sought in this proceeding is not precisely set forth, and the surrogate must satisfy himself of the validity of some relevant legal theory which justifies granting the relief sought. The funeral of Wulf Wingersky was contracted for, not by an executor or an administrator, but by a third person—to be sure, a relative of the deceased, and not a volunteer or intermeddler, but nevertheless a third person ad hoc, or, in other words, by one who was a "stranger" in legal terminology. Who is an "intermeddler" is discussed in Watkins v. Brown, 89 App. Div. 194, 85 N. Y. Supp. 820. Yet the proceeding is in this matter directed against the administrator. It is my duty to justify granting relief against the administrator in this proceeding. If it is to be allowed at all, it must be so allowed pursuant to law, and not arbitrarily on some theory resting in gremio magistratûs.

[1] The informality of these proceedings on funeral bills is very striking, and such informality is in the end advantageous to the public, and should, therefore, be tolerated if possible. But underneath the informality there must in every such matter be found and applied some common-law grounds which will sustain the award of the surrogate. There must be a perfect contract, express or implied, and a direct or ultimate liability of the personal representative according to some established legal theory. The surrogate cannot be responsible for the regularity of all the proceedings in such matters at every stage. As was said by Chancellor Kent:

"In the course of judicial business courts cannot be responsible for the order and regularity of proceedings. The parties always take these things at their peril." Hart v. Ten Eyck, 2 Johns. Ch. 113.

Notwithstanding this discriminating utterance of this supremely great man, I take it that in these proceedings the surrogate is bound to see, however informal they may be, that the judgment of the surrogate rests on some established legal formula, and that it is precisely consonant with law.

In the statement just made I am not unmindful of the somewhat vague utterance in Patterson v. Buchanan, 40 App. Div. 493, 58 N. Y. Supp. 179, which only at first glance may seem to sanction another theory of law. In reality that decision cannot be so construed. It would be a curious conception of the law established in this state, if that decision were taken to sanction a recovery at law where neither the common nor the statute law created a legal liability. I have before ventured to consider the doctrine also sometimes advanced. (Matter of Smith, 18 Misc. Rep. 139, 41 N. Y. Supp. 1093), to the effect that the estate of the deceased is at common law "chargeable for funeral expenses," independently of a theory of contract, as such doctrine, I am convinced, has no sanction under our system of jurisprudence. See Matter of Moran, 75 Misc. Rep. 90, 134 N. Y. Supp. 968. Independently of the act (Laws of 1901, c. 293), hereafter referred to, this doctrine is without foundation. It' is in fact opposed to the common law of this state, which binds us at every stage, in the absence of a statute to the contrary. As a figure of speech to denote the ultimate result of payment of funeral expenses out of the estate of deceased, the expression "that the estate was chargeable" is not incorrect. But as a statement of a legal doctrine at common law it is not precise.

Under the old law the duty to bury the dead rested with the executor, and by analogy with the administrator. Patterson v. Patterson, 59 N. Y. 583, 17 Am. Rep. 384. This duty was one of those which might at common law, and under our Revised Statutes, be discharged by the executor before he received his letters. So by the old law, if a stranger buried the dead, he could recover the reasonable expenses thereof over against the executor or administrator upon the theory of an assumpsit. See Matter of Moran, supra; Dayton, Surr. 314. But the recovery was de bonis propriis, and not de bonis testatoris vel intestatoris in the first instance. Matter of Kalbfleisch, 78 App. Div. 464, 79 N. Y. Supp. 651; Kittle v. Huntley, 67 Hun, 617, 22 N. Y. Supp. 519. Originally, actions arising on the contract, express or implied, for the funeral, were like other actions on contract settled in the courts of law, and the final allowance therefor to the executor or administrator, as against creditors and next of kin or legatees, was settled, if disputed, in chancery on the accounting of the personal representatives.

The old procedure on recoveries for funeral expenses has long been changed by statute of this state, and both the cause of action therefor and the accounting now fall sub modo within the proper jurisdiction of the surrogate. The courts of the surrogates have by statute a much more extended jurisdiction than the ecclesiastical courts on which they were modeled, and one more extended than the earlier probate jurisdictions of New York. Their jurisdiction now includes matters formerly within the exclusive cognizance of the courts of common law or the Court of Chancery.

[2] The latest of the statutory changes bearing on this subject of jurisdiction of funeral claims is now embodied in section 2729 of the

Code of Civil Procedure (subdivision 3), enacted by chapter 293, Laws of 1901. Whether or not this statute was enacted with reference to the decision in Patterson v. Buchanan, 40 App. Div. 493, 58 N. Y. Supp. 179, it certainly gave authenticity to the doctrine there expressed. Section 2729 of the Code of Civil Procedure is to some extent mandatory in terms, and it directs that every executor or administrator shall pay out of the first moneys received the reasonable funeral expenses of the deceased. It proceeds to provide the creditor with a short remedy for nonpayment of the reasonable funeral expenses, but for no other expenses. The statute relates to procedure, not to substantive law. Matter of Kipp, 70 App. Div. 56, 567, 75 N. Y. Supp. 589. A person who invokes the aid of this section of the Code is by its express terms limited to the recovery of reasonable funeral expenses, and no recovery beyond that which is reasonable is contemplated or justifiable by the terms of such section, which is jurisdictional.

If the expense of a funeral be so unreasonable as to constitute a devastavit, I take it that, even if the contract therefor were express and made by the personal representatives themselves, there could be only a partial recovery in this court under section 2729 of the Code of Civil Procedure, which cannot be held to sanction a devastavit. Further liability for the excessive cost must be prosecuted elsewhere, if at all. See Ruggiero v. Tufani, 54 Misc. Rep. 497, 104 N. Y. Supp. 691.

While section 2729 of the Code of Civil Procedure directs the executors or administrators to pay the reasonable funeral expenses of the deceased whom they represent, it cannot intend an obligation to pay such expenses where on no theory of law no such liability to pay subsists. The section was intended to avoid circuity only. If on any legal theory the estate would have been formerly ultimately chargeable with the funeral expenses, the payment, provided they are reasonable, may now be enforced under section 2729 of the Code of Civil Procedure. Such is the summary of the reform contemplated by section 2729 of the Code of Civil Procedure.

At present, if an express contract is now alleged in the petition to the surrogate and not proven, nevertheless the recovery may be based on an assumpsit, if that theory was sustainable at common law. Matter of John Moran, supra. So, even if the funeral had been contracted for with the undertaker by a third person, as in this matter now before me, if the administrator or executor would have been liable by the common law to such third person, this section will authorize a direct proceeding against the personal representatives by the undertaker. Matter of George Flynn, 75 Misc. Rep. 87, 134 N. Y. Supp. 874. I am not in agreement on this point with the contrary view (Matter of Schulz, 26 Misc. Rep. 688, 57 N. Y. Supp. 952) as it would nullify the statute. That decision was, however, rendered before the statute of 1901. Code Civ. Proc. § 2729. Further than just indicated section 2729 of the Code of Civil Procedure does not go. If no cause of action subsist by other statute or by the common law against the personal representatives, none is then afforded by that section. Thus, I am convinced, stands the law of this state on this subject since the year 1901.

I have in this and other matters of a similar character ventured to

review the principles on which recoveries for funeral expenses are, under section 2729 of the Code of Civil Procedure, sustainable, and for this purpose to outline for my own satisfaction the growth of the various doctrines applicable. Matter of Powers, 75 Misc. Rep. 85, 134 N. Y. Supp. 967; Matter of John Moran, supra; Matter of George Flynn, supra. If I am right, further discussion on my part on that head will in future be unnecessary. The jurisdiction of the surrogate in this matter I think is clear, but any award to the petitioner must be for reasonable funeral expenses only. What are such depends on principles adequately established by settled authority. The application of such principles, of course, depends on the circumstances of the particular matter.

In this matter now before me the undertaker might have formerly proceeded at law against the person contracting, and that person could have proceeded at law over against the personal representative on the established doctrine of an assumpsit. Under section 2729 of the Code of Civil Procedure, such circuity is now avoided, but the recovery even now under that section must be sustainable on some principle recognized by the fundamental law of the state, and then only provided the expenses thus incurred are reasonable.

The petitioner in this matter having brought his claim within a formula sanctioned by the common law, the only question remaining for me in this proceeding is the reasonableness of his charges for the funeral. On the part of the administrator it was attempted to be made out that the order given for the funeral was for an orthodox "Jewish funeral." But I do not think that such order was sustained by the proofs. Nor is there sufficient proof to enable me to find that the order for the funeral had reference to a custom established among "orthodox Jews." There is no proof, indeed, of the custom.

But on the proofs before me I am satisfied that some of the undertaker's charges are not reasonable. I disallow, for example, $10 of the charge for embalming. It is to be noticed that the undertaker rendered two bills, the first for $285, which he does not attempt to justify, and the second for $168. It is for the last sum only that payment is asked. The first bill he repudiates. But the second bill, too, I am convinced, is unreasonable. The estate is a poor one, and the charges relatively high. The orthodox Jewish sexton of the synagogue, who testified for the administrator without objection, is, I think, nearer right in his statement of the proper charges for a funeral like that given to the deceased. This witness was a very respectable old man, and he gave good evidence to my mind. He was familiar with the cost of such funerals, and with the customs of Hebrews of the same class as the deceased. I will allow the undertaker $100 in this matter as reasonable, and no more. This sum is considerably above the cost of an "orthodox funeral," and it will recoup the undertaker and leave a fair profit. The decree will be accordingly.

Decreed accordingly.