### In re CRAWFORD'S ESTATE.

(Surrogate's Court, New York County.   December 6, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 214*) — PAYMENT OF DEBTS — FUNERAL EXPENSES.

Under Code Civ. Proc. § 2729, subd. 3, requiring an executor to pay the reasonable funeral expenses of decedent, the surrogate has no power, in a proceeding by an undertaker for the allowance of funeral expenses, to direct the executors to pay more than reasonable funeral expenses, whether the undertaker's contract was express or implied, since an express contract for unreasonable funeral expenses should not be enforced by the surrogate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.*]

2. EXECUTORS AND ADMINISTRATORS (§ 214*)—CLAIMS AGAINST ESTATE—ALLOWANCE FOR FUNERAL EXPENSES.

In determining what are "reasonable funeral expenses," which Code Civ. Proc. § 2729, subd. 3, requires the executor to pay, the conditions of decedent's life and the size of his estate should be considered.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. § 214.*]

In the matter of the estate of Frank Crawford. On motion for an order for the allowance of undertaker's expenses. Motion granted as stated.

See, also, 80 Misc. Rep. 615, 142 N. Y. Supp. 1032.

C. R. & C. U. Carruth, of New York City, for petitioner.
Harry Cayser, for respondent.

FOWLER, S. This is a proceeding of the undertaker under subdivision 3 of section 2729, Code of Civil Procedure, to obtain an order of the surrogate that the executor and executrix shall pay $681.22 for the funeral. The net estate of the deceased amounted to $11,343.15, and he left a wife and two children. Deceased was separated at the time of his death from his wife, and his mother and brother seem to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been most active in ordering an expensive funeral, but the executrix was present at the time the funeral was ordered.

[1] Whether the contract with the undertaker was express or not, or whether the recovery here is sought on the theory of an assumpsit, the surrogate has no power in a proceeding of this character to direct executors to pay other than reasonable funeral expenses. Matter of Wingersky, 75 Misc. Rep. 79, 83, 134 N. Y. Supp. 877; Matter of Flynn, 75 Misc. Rep. 87, 134 N. Y. Supp. 874. Even where the contract with the executor for the funeral is express, if it is so unreasonable as to amount to a devastavit on the part of the executor, the surrogate cannot and should not enforce the contract in such a statutory proceeding as this. The undertaker's remedy would seem to be to resort to the Supreme Court on the express contract. Ruggiero v. Tufani, 54 Misc. Rep. 497, 104 N. Y. Supp. 691. Here the jurisdiction of the surrogate must, by the terms of the Code, be confined to ordering the personal representatives to pay only so much of the funeral expense as the law judges reasonable.

[2] It is shown that the estate, formerly of the deceased, in the hands of the executors is small. The condition of life of the deceased and the size of his estate are always factors to consider in determining what are "reasonable funeral expenses" under section 2729, C. C. P. The condition of life here established did not, I think, warrant so great an outlay for the funeral as is claimed. But the only contention over the bill made before me is as to the one item—burial casket. For the burial casket the undertaker asks $395, but the cost to him is shown to have been not more than $215. Doubtless an undertaker is entitled to some profit in his business and to add a reasonable percentage to costs for the upkeep of his establishment. This element was not much gone into on the hearing. I should say $50 above cost of the casket would be enough to cover profit and reimburse the undertaker for actual outlay. It was attempted to be shown on the hearing that the only item of the bill containing a profit to the undertaker was the casket, but I am not persuaded of this. There are other items on the undertaker's bill, such as decorative palms, which I am inclined to think objectionable. They should have been paid for by those ordering such decorations. But no objection was taken to any item of the bill except the casket.

Under the circumstances of this particular case, I am willing to find that $265 was a reasonable funeral expense incurred for casket in this particular instance and under the circumstances disclosed in this particular case. The other items of the undertaker's bill, not being contested, may stand allowed.

Settle order accordingly.