In the Matter of the Estate of ANNA POPEK, Also Known as EMMA BERNHARDT, Deceased.

Surrogate's Court, Bronx County, December 10, 1935.

*Charles Edward Rudolph,* for the petitioner, Walter B. Cooke, Inc.

*Matthias Cook,* for the respondent.

HENDERSON, S.   In this special proceeding for the payment of the decedent's funeral expenses, the executrix and sole testamentary beneficiary has interposed an answer and has seasonably demanded a trial by jury.   She alleges " that she disputes the validity of the claim of said petitioner for the reason that the same is unreasonable in amount and for the reason that the same is exorbitant, and that the reasonable amount is not to exceed the sum of $150.00."   The petitioning undertaker's allegation that it furnished the funeral is not denied, although there are denials of other allegations as to certain items of the petitioner's services and materials furnished.

The executrix, who is not related to the decedent, also alleges that the decedent, who died on January 8, 1935, leaving no known distributee, was buried at the request of the public administrator without the knowledge, consent or authorization of said executrix or of any friend of the decedent.   The will was admitted to probate and letters testamentary issued on June 28, 1935.

It is conceded that the executrix has received moneys belonging to the estate which are applicable to the payment of claims for funeral expenses of her testatrix.   It appears to my satisfaction that there are sufficient moneys in the hands of the executrix to pay the administration expenses and the *reasonable* funeral expenses of the decedent.   Therefore, I must, by direction of the statute under which the proceeding is brought (Surr. Ct. Act, § 216), hear such claim, fix and determine the *reasonable* value thereof and decree payment of the same or of such part thereof as I may specify.

That statute provides for the prompt payment of a decedent's *reasonable* funeral expenses, but only out of the decedent's money or money which has come into his estate.   Prior to its first enactment by chapter 293 of the Laws of 1901, such relief was not obtainable at common law or under any statute.   The undertaker could sue the executor or administrator of an estate only as an individual upon an express contract or in assumpsit.   The liability was personal and the executor or administrator could seek only equitable relief

for recoupment out of the estate upon his accounting. (*Patterson* v. *Patterson*, 59 N. Y. 574, 583, 585; *Ferrin* v. *Myrick*, 41 id. 315, 325; *Matter of Kalbfleisch*, 78 App. Div. 464, 467; *Rappelyea* v. *Russell*, 1 Daly, 214; *Matter of Wingersky*, 75 Misc. 79; *Matter of Powers*, Id. 85; *Matter of Flynn*, Id. 87; affd., 156 App. Div. 939; *Matter of Moran*, 75 Misc. 90.)

In this proceeding the petitioner does not seek, nor could it obtain, a judgment against the executrix solely as an individual. She has no personal liabilities in this proceeding other than such as are incidents of her office and trusteeship. The fact that the amount fixed as reasonably payable out of the estate funds reduces her interest therein because she is the sole beneficiary thereof, does not change the situation.

In such a proceeding the surrogate must determine the *reasonable* amount of a decedent's funeral expenses that may be paid out of the funds of his estate without a devastavit resulting from such payment. Any adjudication therein does not preclude the claimant from obtaining a judgment in an action at law against his employer, whether or not the latter is a legal representative of the estate, for the excess of his contractual claim over the *reasonable* amount thereof, determined to be payable out of the estate funds. The proceeding is fundamentally an application for the allocation of some part of a fund in the control and practical custody of this court towards the payment of the decedent's funeral expenses and for the payment of the amount so set apart by the fiduciary who has the physical custody of such fund. Such relief for an undertaker has never been cognizable in any forum other than those of the surrogates, and was not grantable in the latter prior to 1901. One who furnishes a funeral or pays therefor has no claim against the decedent and has no action at law against the decedent's estate. The statute merely gives him the right in equity to follow, to a reasonable extent, the funds of the decedent's estate, as a trust, into the possession of the executor or administrator who is a trustee for his benefit as well as for others interested in the distribution of the decedent's estate. Obviously the proceeding, as well as the relief that may be granted, is equitable in its nature. It is similar to, but more limited than, a proceeding for the fixation and payment of compensation for an estate's attorney under section 231-a of the Surrogate's Court Act, wherein it has been recently held that a legal representative of an estate has no constitutional or statutory right to a trial of the issue by a jury. (*Matter of Pardee*, 239 App. Div. 876, affg. 145 Misc. 634.)

In the present proceeding no absolute right to a jury trial is specifically granted by statute (Surr. Ct. Act, §§ 68 and 216), and

neither party has any constitutional right to the trial of the issues therein by a jury because no action at law for funeral expenses ever existed in favor of an undertaker against an executor or an administrator in his representative capacity and no right to a jury trial in equitable actions existed prior to 1846, when the latest amendment to the constitutional provision for the preservation of the right to trial by jury (N. Y. Const. 1846, art. 1, § 2) became effective. Neither did such right exist prior to the adoption of the Constitution of 1894, which contained the same section unchanged.

The right of the executrix in her individual capacity to a trial by jury of the issues of fact in any action at law against her personally does not in itself give her, either individually or in her representative capacity, any right to a jury trial of the same issues regardless of the action or proceeding in which they arise. (*Matter of Crosby* v. *Day*, 81 N. Y. 242, 245; *Sands* v. *Kimbark*, 27 id. 147; *Wise* v. *Wise*, 159 App. Div. 575; *Matter of Reinhardt*, 92 Misc. 96.)

In view of the provisions of the statute which alone empowers me to grant the requested relief in so far as I determine the amount sought is reasonable, I feel that I should not exercise my discretion to direct a jury trial of any of the controverted questions of fact arising in this proceeding.

The demand for a jury trial is denied, both as a matter of law and as a matter of discretion.

Settle order accordingly.